**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Yuri M. Birg,<br><br>　　　　Debtor, | Chapter 7<br><br>Case No. 17-10670<br><br>Honorable Judge A. Benjamin Goldgar |
| Ilene F. Goldstein, not individually, but solely as trustee for the Estate of Yuri Birg,<br><br>　　　　Plaintiff,<br>v.<br><br>Ilana Birg,<br><br>　　　　Defendant. | Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT CONVEYANCES AND FOR TURNOVER**

Ilene F. Goldstein, not individually, but in her capacity as the chapter 7 trustee for the captioned bankruptcy estate (the "Trustee") for her complaint against Ilana Birg ("Defendant" or "Ilana Birg"), states as follows:

1. Pursuant to sections 544, 548 and 550 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.,* the "Bankruptcy Code"), the Trustee seeks to avoid and recover from Ilana Birg or any other entity for whose benefit such Transfers[1] were made, any Transfers by the Debtor, Yuri Birg ("Yuri Birg" or "Debtor"), that occurred up to 4-years before the Debtor's petition date that were made for less than reasonably equivalent value or that were made with actual intent to hinder, delay or defraud creditors.

---

[1] Capitalized terms not otherwise defined are defined *infra.*

{00135652}　　　　　　　　　　　　　{00135652}　　　　　　　　　　　　　1

2. In addition, the Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Ilana Birg has filed or asserted against the Debtor. The Trustee does not waive but hereby reserves all of her rights and the rights of the estate to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) to (j) of the Bankruptcy Code.

3. Finally, the Trustee seeks an order compelling Ilana Birg to turnover all property in her possession, custody or control, that the Trustee may use, sell or lease under section 363 of the Bankruptcy Code, including any property that the Debtor gifted to her and any property that was not transferred to her through the Post-Nuptial Agreement (as defined below).

## JURISDICTION

4. Pursuant to 28 U.S.C. § 1334(b), this court has subject matter jurisdiction over this adversary proceeding, which arises under, and relates to, a case under the Bankruptcy Code pending in the United States Bankruptcy Court for the Northern District of Illinois.

5. The statutory and legal predicates for the relief sought herein are sections 502, 544, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

6. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2)(B) and (H), and the Court may enter final orders for matters contained herein. To the extent this adversary proceeding is deemed a proceeding in which the Court may not constitutionally enter final orders absent the consent of the litigants, the Trustee consents to the entry of final orders by the Court in this adversary proceeding.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

8. Ilana Birg is married to the Debtor and they reside in the same house in Highland Park, Illinois.

9. Commencing at least in 2014, if not before, the primary business in which the Debtor was engaged was known as Greenview Builders and Cabinetry, Inc. ("Greenview"). The Debtor was the president and sole shareholder of Greenview. Greenview was engaged in the business of constructing custom homes.

10. Greenview's revenues declined precipitously from 2014 through 2015, going from over $12 million in 2014, to $2,700,523 in 2015. Commencing in 2013, if not before, Greenview entered into contracts for the construction of residences that it could not perform. On information and belief, Greenview was not profitable since at least 2013.

11. In 2014, if not before, the Debtor was engaged in a fraudulent scheme not unlike a Ponzi scheme, whereby he would enter into contracts with customers for the construction of a home, and then use the funds paid by the customer to satisfy losses incurred on other home construction jobs. In an adversary proceeding filed by the Gottschalks (17-00370), they alleged that

> In May 2015, Mr. Birg submitted a third pay application, but by then the Gottschalks learned the truth about the work Greenview had performed (paragraph 45). By then, The Gottschalks had learned enough to know that the Third Payment Request included false statements, and did not sign it. Their investigation, including conversations with subcontractors and with Mr. Birg himself, resulted in the following information.
>
> a. Subcontractors informed the Gottschalks that they had not been paid, in spite of Greenview's sworn statements to the contrary.
>
> b. Subcontractors informed the Gottschalks that lien waiver documents had been forged.
>
> c. Unpaid subcontractor bills to the Gottschalks could total nearly $100,000.00.

  d. Mr. Birg admitted to the Gottschalks that he had drawn money from their loan funds that was not used for work on the Project.

  e. Subcontractors recorded Notices of Lien against the Gottschalk Property.

  12. In an adversary proceeding filed by the Fialkos (17-363), they alleged that the Debtor took $164,000 from them in January of 2015, for the construction of a home and never performed any construction work.

  13. The Debtor guaranteed certain of Greenview's debts and, as a result, the Debtor owed millions of dollars to creditors holding claims against Greenview and the Debtor jointly.  The Debtor also issued promissory notes to certain of Greenview's customers to cover shortfalls.

  14. At or around the same time that the Debtor was fraudulently entering into contracts on behalf of Greenview that he knew Greenview could not perform, the Debtor and Ilana Birg manufactured a document that purportedly was designed to transfer his interests in property to Ilana Birg for no consideration.

  15. During the summer of 2015, Yuri Birg and Ilana Birg entered into a post-nuptial agreement that purported to define marital and non-marital property in an effort to transfer various interests in property from Yuri Birg to Ilana Birg (the "Post-Nuptial").  An unsigned copy of the Post-Nuptial is appended as Exhibit 1 and incorporated herein by reference.

  16. Any property that Yuri Birg transferred to Ilana Birg during the 10 years prior to the Petition Date shall be referred to as the "10-year Transfers" and any property that Yuri Birg transferred to Ilana Birg within 4-years of the Petition Date shall be referred to as the "4-year Transfers" and any property that Yuri Birg transferred to Ilana Birg within 2-years of the Petition Date shall be referred to as the "2-year Transfers" (the 10-year transfers, and the 4-year transfers and the 2-year transfers are collectively, the "Transfers").

  17. Yuri Birg made at least the 4-year transfers and the 2-year Transfers and entered into the Post-Nuptial at the time when he was insolvent and did not

have sufficient capital to continue the business he was in and he was facing millions in liabilities.

18. The property purportedly transferred pursuant to the Post-Nuptial includes, but is not limited to (all property transferred under the Post-Nuptial, including the Post-Nuptial itself, shall be referred to as the "Post-Nuptial Transfers"):

    a. An interest in RJJ Management, Inc.,

    b. a 25% interest in 1550 Park Ave.,

    c. a 50% interest in Jamie Properties potentially worth $1 million,

    d. a 50% interest in 550 Telser Properties potentially worth $1 million,

    e. Charles Schwab Account 9769 with $1,008,070,

    f. Merrill Lynch account 34995 and 34996 with a value of more than $500,000;

    g. a line of credit worth approximately $196,317,

    h. a Merrill Lynch account worth approximately $381,259.

    i. a Merrill Lynch account worth about $155,153,

    j. a Merrill Lynch account worth approximately $12,770, and a Merrill Lynch account worth approximately $5,647.

19. Ilana Birg and Yuri Birg commingled their assets and treated their assets as joint property. Among other things, they maintained a joint checking account at Citibank out of which they issued many checks, including checks related

to Greenview's operations. For example, a transfer of $15,000 was made from the joint Citibank account to Greenview in May of 2015.

20. Greenview filed for bankruptcy relief on May 17, 2016. The Greenview bankruptcy case was converted to a chapter 7 proceeding on June 22, 2016. The trustee for Greenview issued a no-asset report and the case has been closed.

21. On its Schedule H, Greenview indicated the Debtor was liable for "numerous" Greenview debts. The so-called Greenview debts consist, in part, of personal guaranties the Debtor issued to Greenview customers to instill in them a false sense of security.

22. On information and belief, Ilana Birg owns an interest in real estate, businesses, jewelry, and other personal property that she either obtained as a gift from the Debtor or that constitutes joint property (collectively, the "Non-Post-Nuptial Property").

23. The Non-Post-Nuptial Property that Ilana Birg may own, either as a result of a transfer from the Debtor, or otherwise, potentially includes RJJ Limited Partnership, RJJ II Limited Partnership, RJJ-3 Limited Partnership, 1550 Park Avenue, LLC, Oakwood Properties, LLC, 230 Oakwood LLC, Buffalo Grove Professional Building, LLC., 440 Milwaukee Avenue, LLC, University Commons of Illinois, LLC, 102 Hager LLC, and Paramount Point Properties, Inc.

24. It is the Trustee's intention to avoid and recover all transfers of property the Debtor made to Ilana Birg within 4-years of the Petition Date (and 10 years to the extent the IRS is a creditor).

25. It also is the Trustee's intention to avoid all instruments and filings the Debtor or Ilana Birg made in an effort to perfect any transfers of property.

**COUNT 1. <u>Avoidance and recovery of constructive fraudulent transfers: (740 ILCS 160/5(a)(2), 6(a), and 8(a), and 11 U.S.C. §§ 544(b)(1) and 550(a))</u>**

26. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

27. The Debtor made the Transfers, including the Post-Nuptial Transfers, without receiving reasonably equivalent value or fair consideration.

28. At all times relevant to the allegations contained herein, the Debtor was insolvent or was rendered insolvent by the Transfers, including the Post-Nuptial Transfers.

29. At the time the Debtor made the Transfers, including the Post-Nuptial Transfers, and at the time he entered into the Post-Nuptial Agreement, he was engaged in or was about to engage in a business or transaction for which his remaining assets were unreasonably small.

30. At the time the Debtor made the Transfers, including the Post-Nuptial Transfers, and at the time he entered into the Post-Nuptial Agreement, he intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

31. For example, at the time of the Post-Nuptial Transfers, and at the time he entered into the Post-Nuptial Agreement, the Debtor's business was no longer viable, and the Debtor anticipated that he would incur millions in obligations related to the business.

32. On information and belief, at all relevant times, the sum of the Debtor's liabilities exceeded the sum of the then–fair value of the Debtor's assets.

33. Creditors existed with standing to bring an action against the Debtor to avoid the Transfers, including the Post-Nuptial Transfers and the entry into the Post-Nuptial Agreement, under applicable non-bankruptcy law, including the Fialkos, the Koles, the Schnidermans, EBF Partners, the DiFuccias, Alexander Lumber, Hines Lumbers, among others.

34. Based upon the foregoing, the Transfers, including the Post-Nuptial Transfers and the Post-Nuptial Agreement, are avoidable and recoverable pursuant to 740 ILCS 160/5(a)(2), 6(a), and 8(a), and 11 U.S.C. §§ 544(b)(1) and 550(a).

**COUNT 2.  Avoidance and recovery of Constructive Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B))**

35. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

36. This Count is pleaded in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

37. The Debtor made the Transfers, including the Post-Nuptial Transfers, without receiving reasonably equivalent value or fair consideration.

38. At the time of the Transfers, including the Post-Nuptial Transfers and at the time he entered into the Post-Nuptial Agreement, the Debtor was insolvent or became insolvent as a result of the Transfers, including the Post-Nuptial Transfers.

39. At the time of the Transfers, including the Post-Nuptial Transfers and at the time he entered into the Post-Nuptial Agreement, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital.

40. Based upon the foregoing, the Transfers, including the Post-Nuptial Transfers and the Post-Nuptial Agreement, are avoidable and recoverable pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a).

**COUNT 3.  Avoidance of Actual Fraudulent transfers: (740 ILCS 160/5(a)(1) and 8(a) and 11 U.S.C. §§ 544(b)(1) and 550(a))**

41. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

42. This Count is pleaded in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

43. The Debtor made the Transfers, including the Post-Nuptial Transfers, without receiving reasonably equivalent value or fair consideration.

44. The Debtor made the Transfers to Ilana Birg, including the Post-Nuptial Transfers and entering into the Post-Nuptial Agreement, with actual intent to hinder, delay, or defraud his creditors.

45. By making the Transfers at or about the same time that the Debtor knew that Greenview would fail and that he would be exposed to millions in liabilities, the Debtor attempted to transfer his assets to his wife for no consideration, essentially leaving nothing for creditors to collect.

46. The Debtor was insolvent at the time of the Transfers, including the Post-Nuptial Transfers, or became insolvent shortly after he made the Transfers.

47. The Debtor made the Transfers while he was incurring substantial debt to creditors.

48. The Debtor made the Transfers, including the Post-Nuptial Transfers, to an insider.

49. After making the Transfers, including the Post-Nuptial Transfers, the Debtor continued to enjoy some of the benefits of the property transferred.

50. Based upon the foregoing, the Transfers, including the Post-Nuptial Transfers and the Post-Nuptial Agreement, are avoidable pursuant to 740 ILCS 160/5(a)(1) and 8(a) and 11 U.S.C. §§ 544(b)(1) and 550(a).

### COUNT 4. Avoidance of Actual Fraudulent transfers (11 U.S.C. §§ 548(a)(1)(A) and 550(a))

51. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

52. This Count is pleaded in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

53. The Debtor made the Transfers, including the Post-Nuptial Transfers, without receiving reasonably equivalent value or fair consideration.

54. The Debtor made the Transfers to Ilana Birg, including the Post-Nuptial Transfers and entering into the Post-Nuptial Agreement with actual intent to hinder, delay, or defraud his creditors.

55. Based upon the foregoing, the Transfers, including the Post-Nuptial Transfers and entering into the Post-Nuptial Agreement, are avoidable pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a).

### COUNT 5.  Disallowance of all Claims: (11 U.S.C. § 502(d) and (j))

56. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

57. Ilana Birg is a transferee of the Transfers, which are avoidable under 11 U.S.C. §§ 544 and/or 548, which property is recoverable under 11 U.S.C. § 550.

58. Ilana Birg has not paid the amount of the Transfers, or turned over such property, for which Ilana Birg is liable under 11 U.S.C. § 550.

59. Pursuant to 11 U.S.C. § 502(d), any and all claims of Ilana Birg against the Debtor's chapter 7 estate must be disallowed until such time as Ilana Birg pays to the Trustee an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

### COUNT 6.  Turnover of property of the estate (11 U.S.C. § 541)

60. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

61. Ilana Birg is the alleged owner of certain property, including the property referenced in the Post-Nuptial.  On information and belief, Ilana Birg owns other property that is not referenced in the Post-Nuptial that may be property in which the Debtor has a joint interest.

62. Section 541 of the Bankruptcy Code defines property of the estate to include all legal and equitable interests of the debtor in property as of the commencement of the bankruptcy case.

63. To the extent the Debtor did not transfer any Post-Nuptial property to Ilana Birg and such property is jointly owned, the Debtor has an interest in such property and such interest in property currently belongs to the bankruptcy estate.

64. The Debtor and Ilana Birg also commingled their property, including their cash and the account at Citibank and the accounts referenced in the Post-Nuptial.

65. Section 542 of the Bankruptcy Code provides that an entity in possession, custody or control of property that the trustee may use, sell or lease under section 363, shall deliver to the trustee, and account for, such property or the value of such property.  11 U.S.C. § 542(a).

66. Ilana Birg is an entity that has in her possession, custody or control property that the Trustee may use, sell or lease under section 363.  Such property includes the items referenced in the Post-Nuptial, to the extent such property was not transferred to Ilana Birg. Such property also may include the Debtor's interest in jointly owned property.

**Prayer for relief**

**Wherefore**, the Trustee requests that this Court grant the following relief against Ilana Birg:

1.    On Counts 1, 2, 3, and 4, judgment in favor of the Trustee and against Ilana Birg (a) avoiding all of the Transfers, including the Post-Nuptial Transfers and the Post-Nuptial agreement  and (b) entering a money judgment against Ilana Birg in an amount to be determined, plus interest from the date of the transfer at the maximum legal rate, costs, and expenses of this action including, without limitation, attorneys' fees;

2. On Count 5, judgment in favor of the Trustee and against Ilana Birg disallowing any claims held or filed by Ilana Birg against the Debtor until Ilana Birg returns the Transfers to the Trustee; and

3. On Count 6, judgment in favor of the Trustee and against Ilana Birg ordering Ilana Birg to turnover all property that the Trustee may use, sell or lease under section 363 of the Bankruptcy Code.

4. Granting the Trustee such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

Ilene F. Goldstein, not individually, but solely as the Chapter 7 trustee for the bankruptcy estate of Yuri Birg

By: /s/ William J. Factor
One of Her Attorneys

William J. Factor (6205675)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-6976
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com

{00135652}   {00135652}   12