**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Yuri Birg, | ) | Bankruptcy No. 17-10670 |
| | ) | |
| Debtor. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | |
| Ilene F. Goldstein, not individually, but solely as trustee for the Estate of Yuri Birg, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 19-00596 |
| | ) | |
| vs. | ) | |
| | ) | |
| Ilana Birg, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED NOTICE OF OBJECTION**

Harrison & Held, LLP and Mary-Ann Wilson ("Respondents"), by their attorney, Bruce M. Friedman, submit this Notice of Objection objecting to the relief sought in the Trustee's Motion to Compel Harrison & Held to Comply with Subpoena Duces Tecum (the "Motion). In support of this Amended Notice of Objection, Respondents state as follows:

**BACKGROUND**

In December, 2019, Respondents received a Subpoena to Produce Documents (the "Subpoena") issued by the Trustee's attorney. The Subpoena requested production of all documents in Respondents' possession relating to a Postnuptial Agreement (the "Postnuptial Agreement") entered into between Ilana Birg ("Ilana") and Yuri Birg, the Debtor in this case ("Yuri"). The Trustee has filed an Adversary Complaint against Ilana asserting that certain

transfers to Ilana pursuant to the Postnuptial Agreement were fraudulent and therefore voidable (the "Adversary Action").

Respondents represented Ilana with respect to the negotiation, preparation and execution of the Prenuptial Agreement. Hence, Respondents have many documents in their possession relating to the Prenuptial Agreement -- many of which are privileged communications or work product.

While Respondents represented Ilana with respect to the preparation of the Prenuptial Agreement, Respondents do not represent Ilana in the Adversary Action and have no authority to take any action on Ilana's behalf with respect to the Adversary Action.

On January 28, 2020, Joel Schecter ("Schecter"), Illana's attorney in the Adversary Action, sent a letter to the Trustee's attorney (Motion, Ex. 3) objecting to Respondents' production of documents pursuant to the Subpoena on the grounds that the documents requested were subject to either the attorney-client privilege or the work product privilege. A copy of this letter was sent to Respondents' attorneys putting Respondents on notice that Ilana was asserting privilege as to "most" of the documents requested in the Subpoena.

On January 28, 2020, Respondents' attorney sent a letter to the Trustee's attorney (Motion, Ex. 4) informing the Trustee that (i) Respondents had received Schecter's letter asserting Illana's privilege claim as to the documents requested in the Subpoena and (ii) Respondents' would withhold production of the documents requested in the Subpoena until Ilana's privilege claim was resolved, either by agreement or by ruling of the Bankruptcy Court.

**DISCUSSION**

Illana's privilege claim put Respondents between a rock and a hard place. On the one hand, having been put on notice that Illana was asserting privilege with respect to most of the

4852-1770-5665, v. 1

documents covered by the Subpoena, Respondents could not ethically surrender these documents without violating their confidentiality obligations under applicable law.

On the other hand, Respondents do not represent Ilana in the Adversary Action and therefore have no authority (i) to take any action on Illana's behalf in the Adversary Action or (ii) to assert any privilege on Ilana's behalf in the Adversary Action. Specifically, Respondents had no authority (i) to determine on Illana's behalf which documents requested in the Subpoena were subject to privilege and which were not or (ii) to prepare any privilege log on Ilana's behalf.

Simply put, Respondents have no stake in the resolution of the privilege issue raised by Illana. This is an issue that must be resolved between the Trustee and Illana -- either by agreement or otherwise. However, Respondents could not ethically turn over the documents requested in the Subpoena after being put on notice that Ilana was asserting that most of the documents were subject to privilege.

> Respectfully submitted,
>
> By: */s/ Bruce M. Friedman*
> Attorney for Respondents

Bruce M. Friedman, Esq.
**HARRISON & HELD, LLP**
333 West Wacker Drive
Suite 1700
Chicago, IL 60606-1247
Phone: (312) 540-4980
Fax:   (312) 753-6151
E-mail: *bfriedman@harrisonheld.com*
ARDC: 0882429

4852-1770-5665, v. 1